Leland Eugene Backus, Esq.
Nevada State Bar No. 473
**BACKUS, CARRANZA & BURDEN**
3050 S. Durango Drive
Las Vegas, NV 89117
Tele: (702) 872-5555
Fax:  (702) 872-5545
gbackus@backuslaw.com

*Attorneys for Defendant*
*Cincinnati Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| D.R. HORTON, INC. a Delaware corporation,  ) | Case No.: |
|  ) | |
| Plaintiff,  ) | |
|  ) | |
| vs.  ) | **NOTICE OF REMOVAL BY** |
|  ) | **DEFENDANT CINCINNATI** |
| LIBERTY MUTUAL FIRE INSURANCE  ) | **INSURANCE COMPANY** |
| COMPANY, a foreign corporation; NATIONAL  ) | |
| FIRE & MARINE INSURANCE COMPANY, a  ) | |
| foreign corporation; WAUSAU BUSINESS  ) | |
| INSURANCE, a foreign corporation;  ) | |
| TRAVELERS INDEMNITY COMPANY, a  ) | |
| foreign corporation; ARCH EXCESS AND  ) | |
| SURPLUS INSURANCE COMPANY, a foreign  ) | |
| corporation; AMERICAN HOME ASSURANCE  ) | |
| COMPANY, a foreign corporation;  ) | |
| COMMERCE AND INDUSTRY INSURANCE  ) | |
| COMPANY, a foreign corporation; ZURICH  ) | |
| AMERICAN INSURANCE COMPANY;  ) | |
| ILLINOIS UNION INSURANCE COMPANY, a  ) | |
| foreign corporation; OLD REPUBLIC  ) | |
| INSURANCE COMPANY, a foreign  ) | |
| corporation; FIRST SPECIALTY INSURANCE  ) | |
| COMPANY, a foreign corporation;  ) | |
| LEXINGTON INSURANCE COMPANY, a  ) | |
| foreign corporation; WESTCHESTER SURPLUS  ) | |
| LINES INSURANCE COMPANY, a foreign  ) | |
| corporation; AMERICAN SAFETY  ) | |
| INDEMNITY COMPANY, a foreign  ) | |
| corporation; BURLINGTON INSURANCE  ) | |

Backus Carranza &
Burden
3050 S. Durango Dr.
Las Vegas,
Nevada 89117
(702) 872-5555

1

COMPANY, a foreign corporation; AMERICAN )
& FOREIGN INSURANCE COMPANY, a )
foreign corporation; CINCINNATI INSURANCE )
COMPANY, a foreign corporation; ARCH )
SPECIALTY INSURANCE COMPANY, a )
foreign corporation; ST. PAUL FIRE & )
MARINE INSURANCE COMPANY, a foreign )
corporation; SCOTTSDALE INSURANCE, a )
foreign corporation; ACE AMERICAN )
INSURANCE COMPANY, a foreign )
corporation; FIRST MERCURY INSURANCE )
COMPANY, a foreign corporation; DOES I-X; )
ROE CORPORATIONS I-X, )
                                            )
                    Defendants.             )
                                            )
                                            )

Defendant, Cincinnati Insurance Company, an Ohio corporation, having diversity from the Plaintiff, D.R. Horton, Inc., an alleged Delaware corporation does hereby through its counsel of record, Leland Eugene Backus, Esq. of Backus, Carranza & Burden pursuant to 28 U.S.C. §§ 1441, 1446 provide notice of removal of this civil action from the Eighth Judicial District Court, Clark County, Nevada bearing state case no. A-10-631260-C.

1.     Cincinnati Insurance Company is a wholly owned subsidiary of Cincinnati Financial Corporation and is incorporated in the State of Ohio.

2.     Plaintiff, D.R. Horton, Inc. is alleged to be incorporated in the State of Delaware.

3.     No place of incorporation is alleged for the other insurance companies that are named as parties to this action.

4.     On December 29, 2010, the Commissioner of Insurance for the Department of Business and Industry Division of Insurance for the State of Nevada forwarded a Summons, Complaint, and Initial Appearance Fee Disclosure indicating they were delivered to the Commissioner of Insurance on December 20, 2010 pursuant to NRS 680A.260. Copies of each of these documents are attached hereto as Exhibits A, B, C and D respectively.

BACKUS CARRANZA &
BURDEN
3050 S. DURANGO DR.
LAS VEGAS,
NEVADA 89117
(702) 872-5555

2

5.      This notice is being provided in accordance with 28 U.S.C. §1466(a) and 28 U.S.C. §1332.

6.      Defendant, Cincinnati Insurance Company, is informed and believes, and thereupon alleges, that no other proceedings or papers have been filed in said state court action at the time of this Notice of Removal.

7.      This civil action is one in which this United States District Court has original jurisdiction under the provisions of 28 U.S.C. §1332(a).  Plaintiff is now and at the time the state action was commenced a citizen of the State of Delaware and Defendant Cincinnati Insurance Company is a citizen of the State of Ohio.  The matter in controversy exceeds the sum of $75,000.  No change of citizenship of parties has occurred since the commencement of the action.  This Defendant is not a citizen of the state in which this action was brought, to wit: Nevada.

8.      The action arises out of a very large constructional defect civil action for defects at a development called the Court at Aliante located in Southern Nevada.

9.      The underlying constructional defect action was commenced on September 6, 2006 by Court at Aliante Homeowners Association against D.R. Horton, Inc. and bears case no. A527641.

10.      In *Court at Aliante Homeowners Association v. D. R. Horton, Inc.* damages are being sought well in excess of $75,000 for which D.R. Horton in this present action seeks indemnity from various insurers.

11.      A copy of this Notice of Removal will be filed with the Clerk of the Eighth Judicial District Court in case no. A-10-631260-C as required by 28 U.S.C. §1446(d).

12.      Copies of all pleadings served upon this Defendant are in Exhibits A, B, C and D.

13.     Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

DATED this ___ day of January, 2011.

BACKUS, CARRANZA & BURDEN

Leland Eugene Backus, Esq.
3050 South Durango Drive
Las Vegas, Nevada  89117
*Attorneys for Defendant*
*Cincinnati Insurance Company*

By signing this notice of removal, Leland Eugene Backus, Esq. pursuant to 28 U.S.C. §1446(a) and Fed.R.Civ.P. Rule 11(b) certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under these circumstances that (1)  the paper is not being presented for any improper purposes; (2) the claims, defenses, and other legal contentions in the paper are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

BACKUS CARRANZA &
BURDEN
3050 S. DURANGO DR.
LAS VEGAS,
NEVADA 89117
(702) 872-5555

4

## CERTIFICATE OF SERVICE

In accordance with Civ. R. 5 and LR 5, on January 12, 2011, I served this document on the parties listed on the attached service list via one or more of the methods of service described below as indicated next to the name of the served individual or entity by a checked box:

**VIA U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**VIA FACSIMILE:** by transmitting to a facsimile machine maintained by the attorney or the party who has filed a written consent for such manner of service.

**BY PERSONAL SERVICE:** by personally hand-delivering or causing to be hand delivered by such designated individual whose particular duties include delivery of such on behalf of the firm, addressed to the individual(s) listed, signed by such individual or his/her representative accepting on his/her behalf. A receipt of copy signed and dated by such an individual confirming delivery of the document will be maintained with the document and is attached.

**BY E-MAIL:** by transmitting a copy of the document in the format to be used for attachments to the electronic-mail address designated by the attorney or the party who has filed a written consent for such manner of service.

**BY CM/ECF SYSTEM:** by transmitting via the United States District Court's CM/ECF System to the following individuals for which such service is designated on the Service List.

## SERVICE LIST

| ATTORNEYS OF RECORD | PARTIES REPRESENTED | METHOD OF SERVICE |
|---|---|---|
| Jack C. Juan, Esq.<br>Shane W. Clayton, Esq.<br>MARQUIS & AURBACH<br>10001 Park Run Drive<br>Las Vegas, NV 89145 | Plaintiff | ☐ CM/ECF service<br>☐ Personal service<br>☐ Email service<br>☐ Fax service<br>☒ Mail service |

I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct.  I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____

An employee of BACKUS, CARRANZA & BURDEN

BACKUS CARRANZA &
BURDEN
3050 S. DURANGO DR.
LAS VEGAS,
NEVADA 89117
(702) 872-5555

6

# Exhibit A

JIM GIBBONS
*Governor*

DIANNE CORNWALL
*Director*

**STATE OF NEVADA**



BRETT J. BARRATT
*Commissioner of Insurance*

### DEPARTMENT OF BUSINESS AND INDUSTRY
## DIVISION OF INSURANCE

December 29, 2010

**2501 E. Sahara Avenue, No. 302**
**Las Vegas, Nevada 89104**
**(702) 486-4009  •  Fax (702) 486-4007**
**E-mail: insinfo@doi.nv.gov**

<u>**CERTIFIED MAIL**</u>
<u>**RETURN RECEIPT REQUESTED**</u>
# 7010 1870 0003 0187 8029

CINCINNATI INSURANCE COMPANY
PO BOX 145496
CINCINNATI OHIO 45250

Re:  Case No.    **A10631260**
     Case Name:  <u>**D.R. Horton, Inc. v. Liberty Mut. Fire Ins. Co.**</u>

Dear Agent:

The enclosed Summons, Complaint, and Initial Appearance Fee Disclosure in the matter referenced above, were delivered to the office of the Commissioner of Insurance, on December 20, 2010, in accordance with NRS 680A.260. To complete service of process, we are forthwith mailing by certified mail one of the copies of such process to you, the person designated by the insurer to receive such.

Also enclosed herein is a true and correct copy of the Proof of Service in this matter dated December 29, 2010, and a copy of our letter to Plaintiff's counsel, dated December 29, 2010.

You have 30 days from the date of this service to respond.

If you have any questions regarding this service, please do not hesitate to contact us.

Cordially yours,
BRETT J. BARRATT
Commissioner of Insurance

Marilyn Brasfield
Service of Process Clerk
Telephone: 702.486.4060
Email: mbrasfield@doi.state.nv.us
Enclosures

(NSPO Rev. 8-10)

L 235

## PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons, Complaint, and Initial Appearance Fee Disclosure upon defendant **CINCINNATI INSURANCE COMPANY** in the within entitled matter, by mailing a copy thereof, properly addressed with postage prepaid, certified mail, return receipt requested, to the following:

> **PO BOX 145496**
> **CINCINNATI OHIO 45250**

I declare, under penalty of perjury, that the foregoing is true and correct.

**DATED** this 29th day of December, 2010.

MARILYN BRASFIELD
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

Court: Eighth Judicial District Court, Clark County, Nevada
Case Name: D.R. Horton, Inc. v. Liberty Mut. Fire Ins. Co.
Case No. A10631260
Certified Receipt No. 7010 1870 0003 0187 8029

Date 12-29-10

-1-

**JIM GIBBONS**
*Governor*

**DIANNE CORNWALL**
*Director*

**STATE OF NEVADA**



**BRETT J. BARRATT**
*Commissioner of Insurance*

## DEPARTMENT OF BUSINESS AND INDUSTRY
## DIVISION OF INSURANCE
2501 E. Sahara Avenue, No. 302
Las Vegas, Nevada 89104
**(702) 486-4009** • Fax **(702) 486-4007**
**E-mail: insinfo@doi.nv.gov**

December 29, 2010

SHANE W. CLAYTON, ESQ.
MARQUIS & AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NV 89145

Re:    Case No.    **A10631260**
        Case Name:    **D.R. Horton, Inc. v. Liberty Mut. Fire Ins. Co.**

Dear Mr. Clayton:

On December 20, 2010, the Summons, Complaint, and Initial Appearance Fee Disclosure in the matter referenced above were delivered to the office of the Commissioner of Insurance.

To complete service of process, we have forthwith mailed by certified mail one copy of such documents in the matter referenced above to the entity currently designated by the insurer to receive such process. We are forwarding to you by first class mail the following:

1.    A receipt in the amount of $660.00, for twenty-two services at $30.00 each.
2.    A copy of our letter to the insurance company, dated December 29, 2010.
3.    The original Proof of Service, dated December 29, 2010, and served upon **CINCINNATI INSURANCE COMPANY.**

Please be aware that all documents after initial Service of Process may be served directly to the party. See NRS 680A.260, 685A.200 and 685B.050.

If you have any questions regarding this service, please contact us.

Cordially yours,
BRETT J. BARRATT
Commissioner of Insurance
Enclosures

Marilyn Brasfield
Service of Process Clerk
Telephone: 702.486.4060
Email: mbrasfield@doi.state.nv.us

# Exhibit B

1

**Marquis & Aurbach**
JACK C. JUAN, ESQ.
2   Nevada Bar No. 6367
SHANE W. CLAYTON, ESQ.
3   Nevada Bar No. 8783
10001 Park Run Drive
4   Las Vegas, Nevada 89145
Telephone: (702) 382-0711
5   Facsimile: (702) 382-5816
jjuan@marquisaurbach.com
6   sclayton@marquisaurbach.com
Attorneys for Plaintiff

7

RECEIVED
DEC 2 0 2010
DIVISION OF INSURANCE
STATE OF NEVADA

## DISTRICT COURT

8

## CLARK COUNTY, NEVADA

9

D.R. HORTON, INC., a Delaware corporation,

10

Plaintiff,            Case No.:    A-10-631260-C
11                                           Dept. No.:   XXIII

vs.
12

LIBERTY MUTUAL FIRE INSURANCE
13   COMPANY, a foreign corporation; NATIONAL
FIRE & MARINE INSURANCE COMPANY, a
14   foreign corporation; WAUSAU BUSINESS
INSURANCE, a foreign corporation;
15   TRAVELERS INDEMNITY COMPANY, a
foreign corporation; ARCH EXCESS AND        **SUMMONS – CINCINNATI INSURANCE**
16   SURPLUS INSURANCE COMPANY, a foreign                  **COMPANY**
corporation; AMERICAN HOME ASSURANCE
17   COMPANY, a foreign corporation;
COMMERCE AND INDUSTRY INSURANCE
18   COMPANY, a foreign corporation; ZURICH
AMERICAN INSURANCE COMPANY;
19   ILLINOIS UNION INSURANCE COMPANY, a
foreign corporation; OLD REPUBLIC
20   INSURANCE COMPANY, a foreign
corporation; FIRST SPECIALTY INSURANCE
21   COMPANY, a foreign corporation;
LEXINGTON INSURANCE COMPANY, a
22   foreign corporation; WESTCHESTER
SURPLUS LINES INSURANCE COMPANY, a
23   foreign corporation; AMERICAN SAFETY
INDEMNITY COMPANY, a foreign
24   corporation; BURLINGTON INSURANCE
COMPANY, a foreign corporation; AMERICAN
25   & FOREIGN INSURANCE COMPANY, a
foreign corporation; CINCINNATI
26   INSURANCE COMPANY, a foreign
corporation; ARCH SPECIALTY INSURANCE
27   COMPANY, a foreign corporation; ST. PAUL
FIRE & MARINE INSURANCE COMPANY, a
28   foreign corporation; SCOTTSDALE

*MARQUIS & AURBACH*
*10001 Park Run Drive*
*Las Vegas, Nevada 89145*
*(702) 382-0711 FAX: (702) 382-5816*

Page 1 of 3

1  INSURANCE, a foreign corporation; ACE
   AMERICAN INSURANCE COMPANY, a
2  foreign corporation; FIRST MERCURY
   INSURANCE COMPANY, a foreign
3  corporation; DOES I – X; ROE
   CORPORATIONS I – X,
4
5                          Defendants.

6                    **SUMMONS - CIVIL**

7  **NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
   WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.**
8  **READ THE INFORMATION BELOW.**

9                 **CINCINNATI INSURANCE COMPANY**

10  **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against

11  you for the relief set forth in the Complaint.

12      1.   If you intend to defend this lawsuit, within 20 days after this Summons is served

13           on you, exclusive of the day of service, you must do the following:

14           (a)   File with the Clerk of this Court, whose address is shown below, a formal

15                 written response to the Complaint in accordance with the rules of the

16                 Court, with the appropriate filing fee.

17           (b)   Serve a copy of your response upon the attorney whose name and address

18                 is shown below.

19      2.   Unless you respond, your default will be entered upon application of the

20           Plaintiff(s) and failure to so respond will result in a judgment of default against

21           you for the relief demanded in the Complaint, which could result in the taking of

22           money or property or other relief requested in the Complaint.

23      3.   If you intend to seek the advice of an attorney in this matter, you should do so

24           promptly so that your response may be filed on time.

25  / / /

26  / / /

27  / / /

28  / / /

                                    Page 2 of 3

                    M&A:01936-021 1219444_1.DOC 12/17/2010 9:15 AM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

4.  The State of Nevada, its political subdivisions, agencies, officers, employees, ~~board members, commission members and legislators each have 45 days after~~ service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF COURT

By:  DeEVRA KNIGHT   DISTRICT COURT DEC 1 7 2010
Deputy Clerk   SEAL   Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

Issued at the direction of:

MARQUIS & AURBACH

By
Jack C. Juan, Esq.
Nevada Bar No. 6367
Shane W. Clayton, Esq.
Nevada Bar No. 8783
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorney(s) for Plaintiff

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 3 of 3

M&A:01936-021 1219444_1.DOC 12/17/2010 9:15 AM

# Exhibit C

Electronically Filed
12/10/2010 04:09:21 PM

CLERK OF THE COURT

1  **Marquis & Aurbach**
   JACK C JUAN, ESQ.
2  Nevada Bar No. 6367
   SHANE W. CLAYTON, ESQ.
3  Nevada Bar No. 8783
   10001 Park Run Drive
4  Las Vegas, Nevada 89145
   Telephone: (702) 382-0711
5  Facsimile: (702) 382-5816
   jjuan@marquisaurbach.com
6  sclayton@marquisaurbach.com
   Attorneys for Plaintiff
7

8                **DISTRICT COURT**

9          **CLARK COUNTY, NEVADA**

10  D.R. HORTON, INC., a Delaware corporation,

11              Plaintiff,            Case No.: A-10-631260-C
                                      Dept. No.:    XXIII
12      vs.

13  LIBERTY MUTUAL FIRE INSURANCE
    COMPANY, a foreign corporation; NATIONAL
14  FIRE & MARINE INSURANCE COMPANY, a
    foreign corporation; WAUSAU BUSINESS
15  INSURANCE, a foreign corporation;            **COMPLAINT**
    TRAVELERS INDEMNITY COMPANY, a
16  foreign corporation; ARCH EXCESS AND
    SURPLUS INSURANCE COMPANY, a foreign
17  corporation; AMERICAN HOME ASSURANCE
    COMPANY, a foreign corporation;             **ARBITRATION EXEMPTION**
18  COMMERCE AND INDUSTRY INSURANCE          **REQUESTED: DECLARATORY RELIEF**
    COMPANY, a foreign corporation; ZURICH              **SOUGHT**
19  AMERICAN INSURANCE COMPANY;
    ILLINOIS UNION INSURANCE COMPANY, a
20  foreign corporation; OLD REPUBLIC
    INSURANCE COMPANY, a foreign
21  corporation; FIRST SPECIALTY INSURANCE
    COMPANY, a foreign corporation;
22  LEXINGTON INSURANCE COMPANY, a
    foreign corporation; WESTCHESTER
23  SURPLUS LINES INSURANCE COMPANY, a
    foreign corporation; AMERICAN SAFETY
24  INDEMNITY COMPANY, a foreign
    corporation; BURLINGTON INSURANCE
25  COMPANY, a foreign corporation; AMERICAN
    & FOREIGN INSURANCE COMPANY, a
26  foreign corporation; CINCINNATI
    INSURANCE COMPANY, a foreign
27  corporation; ARCH SPECIALTY INSURANCE
    COMPANY, a foreign corporation; ST. PAUL
28  FIRE & MARINE INSURANCE COMPANY, a

M&A:01936-021 1199580_1.DOC 12/10/2010 4:02 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  foreign corporation; SCOTTSDALE
   INSURANCE, a foreign corporation; ACE
2  AMERICAN INSURANCE COMPANY, a
   foreign corporation; FIRST MERCURY
3  INSURANCE COMPANY, a foreign
   corporation; DOES I – X; ROE
4  CORPORATIONS I – X,

5                              Defendants.

6

7                          **COMPLAINT**

8       Plaintiff, D.R. Horton Inc. (DRH), through the law firm of Marquis & Aurbach,

   complains against the Defendants and alleges as follows:

9                         **THE PARTIES**

10      1.      DRH is a Delaware corporation, doing business throughout the United States,

11  including Nevada.

12      2.      National Fire and Marine Insurance Company (NFM) is a foreign corporation,

13  doing business throughout the United States, including Nevada.

14      3.      Liberty Mutual Fire Insurance Company (Liberty Mutual) is a foreign corporation

15  and was at all times relevant hereto, issuing policies and conducting business in Nevada.

16      4.      Wausau Business Insurance Company (Wausau) is a foreign corporation and was

17  at all times relevant hereto, issuing policies and conducting business in Nevada.

18      5.      Wausau and Liberty Mutual will be collectively referred to as Liberty Mutual

19  herein.

20      6.      Travelers Indemnity Company (Travelers) is a foreign corporation and was at all

21  times relevant hereto, issuing policies and conducting business in Nevada.

22      7.      St. Paul Fire & Marine Insurance Company (St. Paul) is a foreign corporation and

23  was at all times relevant hereto, issuing policies and conducting business in Nevada.

24      8.      Both Travelers and St. Paul will collectively be referred to herein as Travelers.

25      9.      American Home Assurance Company (American Home) is a foreign corporation

26  and was at all times relevant hereto, issuing policies and conducting business in Nevada.

27  ///

28

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

10. Commerce and Industry Insurance (Commerce) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

11. Lexington Insurance Company (Lexington) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

12. American Home, Lexington and Commerce will be collectively referred to as AIG herein.

13. Arch Excess and Surplus Insurance (Arch) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

14. Arch Specialty Insurance Company (Arch Specialty) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

15. Both Arch and Arch Specialty will collectively be referred to herein as Arch.

16. Zurich American Insurance (Zurich) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

17. Illinois Union Insurance Company (Illinois Union) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

18. Old Republic Insurance Company (Old Republic) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

19. First Specialty Insurance Company (First Specialty) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

20. Westchester Surplus Lines Insurance Company (Westchester) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

21. American Safety Indemnity Company (American Safety) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

22. Burlington Insurance Company (Burlington) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

///

///

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

23. American & Foreign Insurance Company (American & Foreign) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

24. Cincinnati Insurance Company (Cincinnati) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

25. Scottsdale Insurance Company (Scottsdale) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

26. Ace American Insurance Company is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

27. First Mercury Insurance Company is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

28. All of the defendants herein will collectively be referred to herein as "the carriers."

29. The true names and capacities whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive are unknown to Plaintiff. Said DOE and ROE Defendants are responsible for damages suffered by Plaintiff. Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to show the true names and capacities of each DOE and ROE Defendants at such time as the same has been ascertained.

## THE PROJECT

30. DRH contracted with various subcontractors for the construction of residences in the Court at Aliante development located in Clark County, Nevada.

31. On or about November 17, 2006, homeowners in the Court at Aliante development (hereinafter "the homeowners") served a Notice on DRH pursuant to Chapter 40 of the Nevada Revised Statutes, alleging construction defects in their residences.

///

///

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

32.     This and other Chapter 40 Notices, as well as the subsequent lawsuit filed by the homeowners, implicates the work of the subcontractors listed herein, to whom the carriers issued the insurance policies.

33.     The homeowners served subsequent notices on DRH as well, which DRH has responded to by performing repairs pursuant to Chapter 40 of the Nevada Revised Statutes.

34.     Pursuant to their promise, contractual obligation and agreement with DRH, these contractors agreed to, among other things, the following:

      3.     <u>Performance of Work.</u>  Contractor's acceptance/commencement of the Work shall be deemed as Contractor's agreement to complete the Work by the completion date specified by an authorized Horton employee and Contractor's acknowledgment that Contractor has inspected the job location and approves of the requirements so specified.  Contractor acknowledges that TIME IS OF THE ESSENCE in the performance of all Work.  Contractor shall coordinate with Horton all Work scheduled and cooperate with other contractors.  Contractor shall perform all Work in a good and workmanlike manner, in accordance with the plans and specifications of Horton, according to industry standard practices, and warrants that all work will meet or exceed FHA minimum property standards, VA requirements and any applicable building code requirements.  All Work shall be performed to the satisfaction of Horton.  Contractor acknowledges that Contractor is thoroughly familiar with the plans and specifications as such plans and specifications affect the Work and materials herein contracted for.  Contractor shall be responsible for inspecting any work of another contractor that may affect Contractor's own Work, an shall report in writing to Horton any defects prior to commencement of any Work, or Contractor shall be deemed to have accepted such work for inclusion into Contractor's Work.  Contractor shall secure and maintain all permits, licenses and approvals necessary for or applicable to the performance of the Work hereunder.  When Horton orders in writing, Contractor shall make any and all changes in the Work as directed by Horton's authorized representative, and adjustments to the prices shall be made only in accordance with a "Variance to Purchase Order" signed by Horton and Contractor prior to the commencement of such changes.

      8.     Warranties.  Contractor warrants to Horton and the purchaser (and subsequent owners) of the residence to which the Work relates(herein collectively referred to as the "Homeowner") that all labor performed and materials furnished by Contractor shall conform to the specifications of this Agreement, be of good quality and free of faults expressly warrants that the Work shall remain free of defect for a period of at least two (2) years from the date of purchase by Homeowner, with an extended warranty of ten (10) years for foundation systems, beams, girders, lintels, columns, wall, partitions, floor systems, and roof framing systems (caused by failure of load bearing systems) from the date that Horton conveys to the Homeowner the structure in which the Work has been incorporated, and shall meet or exceed FHA minimum property standards, VA requirements and any applicable building code requirements.  In addition to any other warranties provided herein, Contractor hereby warrants its workmanship and materials in full accordance with Residential Warranty Corporation ("RWC") program and all applicable sections of the RWC Manual of Approved Standards, which Contractor has read, understands and by which Contractor agrees to be

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

bound. All work not conforming to the aforementioned requirements shall be considered to be defective. If, within the time periods set forth in the foregoing warranty (or for a period of ten (10) years for latent defects), any of the Work is found to be defective or not in accordance with the terms of this Agreement, Contractor shall promptly correct such Work or replace or repair any defective material upon notice from Horton. Contractor agrees to make all repairs and correct such defects under the applicable warranty within twenty-four (24) hours of notice of such defect in an emergency (as determined by Horton in its sole discretion) and within seven days of notice of such defect on a non-emergency basis. Horton many, at its sole election, choose to repair defects in or replace warranted Work through its own employees or through the employees of a third party. Contractor agrees to reimburse Horton for all costs and expenses incurred in repairing or replacing warranted work. Reimbursement of these costs and expenses is due upon demand by Horton. The performance/fulfillment of any warranty repair responsibilities by Horton or any other third party will not affect, minimize or in any way obviate Contractor's warranty obligations, Contractor's indemnity provided for herein, or the ability of Horton to request Contractor to perform warranty services in the future. Contractor shall furnish all warranties and/or guarantees by manufacturers on appliances and equipment and shall furnish all certificates required by any municipality and/or VA and/or FHA. The foregoing is in addition to all other warranties provided by law or otherwise and not in limitation of periods of applicable statutes of limitation.

11. CONTRACTOR'S INDEMNITY AND WAIVER. TO THE FULLEST EXTENT PERMITTED BY LAW, CONTRACTOR HEREBY AGREES TO PROTECT, DEFEND, INDEMNIFY, AND HOLD OWNER, ITS PARENT CORPORATION, SUBSIDIARIES AND AFFILIATES, AND ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, PARTNERS, EMPLOYEES, AGENTS AND INSURERS, (HEREIN COLLECTIVELY REFERRED TO AS THE "INDEMNITEE"), FREE AND HARMLESS FROM AND AGAINST ANY AND ALL CLAIMS, DEMANDS, CAUSES OF ACTIONS, SUITS, OR OTHER LITIGATION OF EVERY KIND AND CHARACTER (INCLUDING ALL COSTS THEREOF AND ATTORNEYS' FEES), WHETHER ASSERTED BY THE HOMEOWNER, CONTRACTOR, OR ANY THIRD PARTY (INCLUDING, BUT NOT LIMITED TO, PERSONNEL FURNISHED BY CONTRACTOR, ITS SUPPLIERS AND PERMITTED SUBCONTRACTORS OF ANY TIER), ON ACCOUNT OF BODILY OR PERSONAL INJURY, DEATH, OR DAMAGE TO OR LOSS OF PROPERTY (INCLUDING THE LOSS OF USE THEREOF), (HEREIN COLLECTIVELY REFERRED TO AS "LOSS"), IN ANY WAY OCCURRING, INCIDENT TO, ARISING OUT OF, OR IN CONNECTION WITH: (I) A BREACH OF THE WARRANTIES, REPRESENTATIONS, OBLIGATIONS, AND COVENANTS PROVIDED HEREIN BY CONTRACTOR; (II) THE WORK PERFORMED OR TO BE PERFORMED BY CONTRACTOR OR CONTRACTOR'S PERSONNEL, AGENTS, SUPPLIERS, OR PERMITTED SUBCONTRACTORS; OR (III) ANY NEGLIGENT ACTION AND/OR OMISSION OF THE INDEMNITEE RELATED IN ANY WAY TO THE WORK, EVEN WHEN THE LOSS IS CAUSED BY THE FAULT OR NEGLIGENCE OF THE INDEMNITEE. ANY PAYMENTS BY CONTRACTOR UNDER THIS PARAGRAPH ON BEHALF OF THE INDEMNITEE SHALL BE IN ADDITION TO ANY AND ALL OTHER LEGAL REMEDIES AVAILABLE TO THE INDEMNITEE AND SHALL NOT BE CONSIDERED THE INDEMNITEE'S EXCLUSIVE REMEDY. CONTRACTOR AND CONTRACTOR'S EMPLOYEES, PERSONNEL, AGENTS, AND PERMITTED SUBCONTRACTORS SHALL BE SOLELY

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

RESPONSIBLE FOR THEIR RESPECTIVE TOOLS AND EQUIPMENT, AND HEREBY WAIVE ANY RIGHT OF RECOVERY AGAINST THE INDEMNITEE WITH RESPECT TO ANY LOSS INVOLVING SUCH TOOLS OR EQUIPMENT IN ANY WAY OCCURRING, INCIDENT TO, ARISING OUT OF, OR IN CONNECTION WITH, THE WORK TO BE PERFORMED HEREUNDER.

12. _Insurance._ Contractor agrees to carry: (a) Broad Form Commercial General Liability Insurance on an Occurrence Form, naming the Indemnitee as an additional insured with completed operations coverage and containing a per occurrence limit of no less than One Million Dollars ($1,000,000.00), and an aggregate limit of no less than One Million Dollars ($1,000,000.00) protecting against bodily injury, broad form property damage, and personal injury claims arising from the exposures of: (i) premises-operations; (ii) products and completed operations including materials designed, furnished, and/or modified in any way by Contractor; (iii) independent subcontractors; (iv) contractual liability risk covering the indemnity obligations set forth in this Agreement; and (v) property damage resulting from explosion, collapse, or underground (x, c, u) exposures; (b) Worker's Compensation Insurance that provides statutory benefits and coverage such that Owner will have no liability to Contractor's personnel, employees or agents; and (c) Professional Liability Insurance for Architects, Engineers, Surveyors, and other Professional Service Organizations, that provides a per claim limit of no less than One Million Dollars ($1,000,000.00) and an aggregate of no less than One Million Dollars ($1,000,000.00) protecting against faulty design and faulty professional judgment. Owner and Contractor (collectively, the Parties) intend and agree that the coverage obtained by Contractor naming Owner as an additional insured as set forth herein shall apply on a primary basis with any insurance of Owner being excess coverage. Such coverages will be carried absolute discretion. Such insurance shall provide for a waiver of subrogation. Contractor shall provide evidence that such insurance is in full force by furnishing Horton with a Certificate of Insurance, or certified copies of the above polices. Each Certificate of Insurance or policy shall contain an unqualified clause to the effect that the policy shall not be subject to cancellation, nonrenewal, adverse change, or reduction of amounts of coverage without thirty (30) days' prior written notice to Horton. The amounts and types of insurance set forth herein are the minimums required by Horton and shall not be substituted for an independent determination by Contractor of the amounts and types of insurance which Contractor shall determine to be reasonably necessary to protect itself and the Work required to be performed under this Agreement. NOTWITHSTANDING THE FOREGOING, IN THE EVENT THAT CONTRACTOR FAILS TO PROVIDE TO HORTON EVIDENCE OF SUCH INSURANCE AS REQUIRED HEREUNDER, HORTON SHALL BE ENTITLED, BUT SHALL NOT BE OBLIGATED, TO (A) WITHHOLD FROM AMOUNTS OTHERWISE PAYABLE UNDER THIS AGREEMENT AN AMOUNT, ESTABLISHED BY HORTON IN ITS SOLE AND ABSOLUTE DISCRETION, TO PAY ITS COST OF INSURANCE ASSOCIATED WITH CONTRACTOR'S PERSONNEL, EMPLOYEES OR AGENTS UNDER HORTON'S WORKER'S COMPENSATION OR GENERAL LIABILITY INSURANCE, AND TO PAY HORTON AN ADMINISTRATIVE FEE OR PERMITTING SUCH COVERAGE, SUCH WITHHOLDING BEING EXPRESSLY ACKNOWLEDGED AND AUTHORIZED BY CONTRACTOR'S EXECUTION OF THIS AGREEMENT; OR (B) ACCEPT FROM CONTRACTOR A WAIVER OF INSURANCE TO THE EXTENT PERMITTED AND MADE IN ACCORDANCE WITH THE REQUIREMENTS OF ANY APPLICABLE STATUTES OR REGULATIONS.

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

13.  Subcontractors.  If Contractor subcontracts any of the Work to the extent permitted under this Agreement, Contractor guarantees that such third party shall indemnify Horton and meet all insurance requirements set forth herein. Prior to the subcontractor's commencement of the Work, Contractor shall obtain a signed agreement from such third party indemnifying Horton and provide to Horton evidence of satisfactory insurance.  In addition, Contractor shall require that such supplier or subcontractor indemnify Horton from all losses arising from any materials or labor incorporated into the Work.

35.  DRH is an additional insured under various insurance policies issued by the carriers to American Asphalt & Grading, ANSE, Inc., Gibson Construction, Atrium Doors & Windows, Campbell Concrete of Nevada, Champion Masonry, Efficient Electric, Central Valley Insulation, Vegas General Construction, Reyburn Lawn and Landscape, Western States Contracting, OPM, Inc., Deck Systems of Nevada, Dupont Flooring, Firestop, Inc., Harrison Door Company, H&B Construction, Iron Specialists, Quality Wood Products, Rising Sun Plumbing, Silver State Fireplaces, Southern Nevada Paving, Nesco Manufacturing, Summit Drywall & Paint, Sunrise Mechanical, Bazooka Bub, Inc., Pools by Grube, Maytag, Western Shower Door, Deck Systems of Nevada and Sunstate Companies.

36.  The Contractors and the Defendant insurance carriers have thus promised, represented, warranted, and contractually agreed to defend, pay for the defense of and indemnify the Plaintiff DRH from the NRS Chapter 40.600 et seq. notice of constructional defects concerning the Court at Aliante Residential Development.

37.  Plaintiff DRH demanded, requested and tendered repeatedly to the Defendant insurance carriers for such defense.  However, the Defendant insurance carriers have refused and/or not fully complied with their duties and obligations owed to Plaintiff DRH.

38.  Indeed, the Defendant insurance carriers herein, and each of them, have all relied upon standardized forms meant to appear as if they offer broad coverage to additional insureds, when in fact the carriers believe they do not afford coverage.

39.  Armed with this knowledge, the carriers and/or their agents solicited the subcontractors herein, claiming that the policies afford coverage for the types of claims which DRH required coverage for herein.

///

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

40. However, at the time of making those claims, the carriers, knowing the types of coverage with both DRH and the subcontractors required, still peddled their policies while knowing that they would not afford the coverage which was needed.

41. Now, the defendant carriers are refusing to live up to their obligations to DRH as an additional insured as set forth in further detail below.

## THE NATIONAL FIRE & MARINE POLICIES

42. National Fire & Marine issued multiple policies to Sunstate Companies, including policy numbers 72LPE679570 and 72LPE685075 naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

43. DRH tendered its defense to National Fire & Marine under each of these policies, as well as any other existing policies.

44. However, on October 19, 2007, National Fire & Marine wrongfully denied DRH's tender of defense claiming that there was no "suit" even though a Chapter 40 Notice had been served upon DRH.

45. National Fire & Marine issued multiple policies to OPM, Inc., including policy numbers LPN278490, 72LPE6888158, 72LP150181 and 72LPS000689 naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

46. DRH tendered its defense to National Fire & Marine under each of these policies, as well as any other existing policies.

47. However, on June 13, 2008, National Fire & Marine wrongfully and unreasonably denied DRH's tender of defense based upon an ambiguous policy provision.

48. National Fire & Marine issued multiple policies to Deck Systems of Nevada including policy numbers 72LP147320, 72LPN231640, 72LPN269656 and 72LPN308132 naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

49. DRH tendered its defense to National Fire & Marine under each of these policies, as well as any other existing policies.

///

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

**MARQUIS & AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

50.     However, National Fire & Marine wrongfully and unreasonably denied DRH's tender of defense based upon an ambiguous policy provision.

51.     National Fire & Marine issued multiple policies to Efficient Electric including policy number 72LPN251513 naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

52.     DRH tendered its defense to National Fire & Marine under all policies of insurance issued to Efficient Electric.

53.     However, National Fire & Marine wrongfully and unreasonably denied DRH's tender of defense based upon an ambiguous policy provision.

54.     National Fire & Marine issued multiple policies to Firestop, Inc., including policy numbers 72LPE697124, 72LPE692140, 72LPE686875, 72LP148288, 72LPE697187 and 72LPS004183 naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

55.     DRH tendered its defense to National Fire & Marine under all policies of insurance issued to Firestop, Inc..

56.     However, National Fire & Marine wrongfully and unreasonably denied DRH's tender of defense based upon an ambiguous policy provision.

57.     National Fire & Marine issued multiple policies to Harrison Door Company including policy numbers 72LPN308049, 72LP157093 and 72LPS001651 naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

58.     DRH tendered its defense to National Fire & Marine under all policies of insurance issued to Harrison Door Company.

59.     However, National Fire & Marine wrongfully and unreasonably denied DRH's tender of defense based upon an ambiguous policy provision.

60.     National Fire & Marine issued multiple policies to Quality Wood Products including policy numbers 72LPN307982, 72LPN269682 and 72LPE690136 naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

///

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

61.   DRH tendered its defense to National Fire & Marine under all policies of insurance issued to Quality Wood Products.

62.   However, National Fire & Marine wrongfully and unreasonably denied DRH's tenders of defense based upon one or more ambiguous policy provisions.

63.   National Fire & Marine issued multiple policies to Rising Sun Plumbing including policy numbers 72LPN307592, 72LPN278317, 72LP153721 and 72LPN396507 naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

64.   DRH tendered its defense to National Fire & Marine under all policies of insurance issued to Rising Sun Plumbing.

65.   However, National Fire & Marine wrongfully and unreasonably denied DRH's tenders of defense based upon one or more ambiguous policy provisions.

66.   National Fire & Marine issued multiple policies to Silver State Fireplaces including policy numbers 72LPD686864, 72LPE692130, 72LPE697117 and 72LPE697182 naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

67.   DRH tendered its defense to National Fire & Marine under all policies of insurance issued to Silver State Fireplaces.

68.   However, National Fire & Marine wrongfully and unreasonably denied DRH's tenders of defense based upon one or more ambiguous policy provisions.

69.   National Fire & Marine issued multiple policies to Summit Drywall & Paint including policy numbers 72LP153476 and 72LPN269562 naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

70.   DRH tendered its defense to National Fire & Marine under all policies of insurance issued to Summit Drywall & Paint.

71.   However, National Fire & Marine wrongfully and unreasonably denied DRH's tenders of defense based upon one or more ambiguous policy provisions.

///

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

**MARQUIS & AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

72.   National Fire & Marine issued multiple policies to Bazooka Bub, Inc. including policy numbers 72LP149329, 72LP155828, 72LPN278527, 72LPN357895, 72LPS000963, 72LPS005054 and 72LPS008680 naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

73.   DRH tendered its defense to National Fire & Marine under all policies of insurance issued to Bazooka Bub, Inc.

74.   However, National Fire & Marine wrongfully and unreasonably denied DRH's tenders of defense based upon one or more ambiguous policy provisions.

75.   National Fire & Marine's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

76.   Additionally, National Fire & Marine's handling of all of these claims exhibits a pattern and practice of oppressive, unreasonable, and malicious conduct which warrants punitive damages.

## THE ARCH POLICIES

77.   Arch issued policy numbers ZAGLB9017500 and 52UFP2016902 and other policies to Campbell Concrete of Nevada naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

78.   On multiple occasions DRH tendered its defense to Arch as an additional insured under all Campbell Concrete policies.

79.   Arch has failed and refused to even acknowledge DRH's tenders of defense.

80.   Arch issued policy numbers DCP000168400 and other policies to Summit Drywall & Paint naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

81.   DRH tendered its defense to Arch under any and all policies of insurance issued by Arch to Summit Paint & Drywall.

///

///

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

82.   However, Arch wrongfully and unreasonably disclaimed coverage for DRH, relying upon incorrect information and assumptions, as well as ambiguous and inapplicable policy provisions.

83.   Arch's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

### THE AIG POLICIES

84.   AIG issued policy numbers GL9331776, GL9332386, GL9333003, GL7039521, 7039521 and other policies to ANSE, Inc., naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

85.   DRH has tendered its defense to AIG on multiple occasions, but AIG has refused to even acknowledge DRH's tender.

86.   AIG issued policy numbers 9332680, 9333358 and 1506633 and other policies to American Asphalt & Grading naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

87.   DRH tendered its defense to AIG under all policies of insurance issued to American Asphalt & Grading.

88.   However, on February 28, 2007, AIG wrongfully and unreasonably denied DRH's tender of defense based upon ambiguous policy provisions and/or exclusions.

89.   AIG issued policy numbers 5446445 and other policies to Dupont Flooring naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

90.   DRH has tendered its defense to AIG, but AIG has refused to even acknowledge DRH's tender.

91.   AIG issued policy number 1070434 and other policies to Efficient Electric naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

92.   DRH has tendered its defense to AIG on multiple occasions, but AIG has refused to even acknowledge DRH's tender.

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

93. AIG issued policy numbers 6761060 and 6761334 and other policies to Rising Sun Plumbing naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

94. DRH tendered its defense to AIG under all policies of insurance issued to Rising Sun Plumbing.

95. However, on or about December 27, 2007, AIG wrongfully and unreasonably denied DRH's tender of defense based upon ambiguous policy provisions and/or exclusions.

96. AIG issued policy number GL5760772, GL5751524 and GL5548747 and other policies to Southern Nevada Paving naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

97. DRH has tendered its defense to AIG, but AIG has refused to even acknowledge DRH's tender.

98. AIG issued Lexington policy number 0995777, 1141653, 114080, AISLIC policy number 9332949 and Ins. Co. of PA policy number 43041769, 42031219, 47024067 and other policies to Sunrise Mechanical naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage..

99. DRH has tendered its defense to AIG, but AIG has failed and refused to either accept or deny any of DRH's tenders.

100. AIG issued policy numbers 1070374 and other policies to Sunstate Companies naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

101. DRH tendered its defense to AIG under all policies of insurance issued to Sunstate Companies.

102. However, on or about April 22, 2009, AIG wrongfully and unreasonably denied DRH's tender of defense based upon ambiguous and inapplicable policy provisions and/or exclusions.

103. AIG's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**THE OLD REPUBLIC POLICIES**

104.   Old Republic issued policy number MWZY55525 and other policies to Central Valley Insulation, naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

105.   DRH tendered its defense to Old Republic under all policies of insurance issued to Central Valley Insulation.

106.   Old Republic initially agreed to participate in the defense of DRH.

107.   Later, Old Republic stated that coverage was exhausted.

108.   To date, Old Republic has failed and refused to fund the defense of DRH.

109.   Old Republic's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

**THE FIRST SPECIALTY POLICIES**

110.   First Specialty issued policy numbers IRG550241 and IRG550242 and other policies to Champion Masonry, naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

111.   On several occasions, DRH tendered its defense to First Specialty under all policies of insurance issued to Champion Masonry.

112.   However, First Specialty has failed and refused to either accept or deny DRH's tenders.

113.   First Specialty issued policy numbers IRG62047 and IRE62048 and other policies to Efficient Electric, naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

114.   DRH tendered its defense to First Specialty under all policies of insurance issued to Efficient Electric.

115.   First Specialty wrongfully and unreasonably denied DRH's tender or tenders based upon inapplicable and ambiguous policy provisions and exclusions.

///

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

116. First Specialty issued policy number IRG57006 and other policies to Harrison Door Company, naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

117. DRH tendered its defense to First Specialty under all policies of insurance issued to Harrison Door Company.

118. First Specialty wrongfully and unreasonably denied DRH's tender or tenders based upon inapplicable and ambiguous policy provisions and exclusions.

119.

120. First Specialty's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

## THE LIBERTY MUTUAL POLICIES

121. Liberty Mutual issued policy number RG2C51004344186 and other policies to Efficient Electric naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

122. DRH tendered its defense to Liberty Mutual as an additional insured under all Efficient Electric policies.

123. Although Liberty Mutual agreed to participate in DRH's defense under the policy issued to Efficient Electric, Liberty Mutual has refused to pay any defense fees and costs associated with DRH's defense.

124. Liberty Mutual issued policy number YYJZ91433388025 and other policies to Reyburn Lawn and Landscape naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

125. DRH tendered its defense to Liberty Mutual as an additional insured under all Reyburn Lawn and Landscape policies.

126. Although Liberty Mutual agreed to participate in DRH's defense under the policy issued to Reyburn Lawn and Landscape, Liberty Mutual has refused to pay defense fees and costs associated with DRH's defense.

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

127. Liberty Mutual issued policy number RG2C51004344185 and other policies to Vegas General Construction naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

128. DRH tendered its defense to Liberty Mutual as an additional insured under all Vegas General Construction policies.

129. Although Liberty Mutual agreed to participate in DRH's defense under the policy issued to Vegas General Construction, Liberty Mutual has refused to pay defense fees and costs associated with DRH's defense.

130. Liberty Mutual's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

## THE TRAVELERS POLICIES

131. Travelers issued policy number DTC06099B138TIA05, DTC06099B138IND06 and KK08301998 as well as other policies to Western States Contracting naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

132. DRH tendered its defense to Travelers as an additional insured under all Western States Contracting policies.

133. Travelers ultimately agreed to participate in the defense of DRH, but has failed and refused to sufficiently fund its defense.

134. Travelers issued policy numbers KK08300837 and KC08300054 as well as other policies to Southern Nevada Paving naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

135. However, Travelers wrongfully and unreasonably denied DRH's tender claiming that Southern Nevada Paving did not contract with DRH.

136. After providing Travelers a copy of the contract and refuting their position, Travelers failed and refused to respond to DRH's retender.

137. Travelers' handling of this claim was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## THE ZURICH POLICIES

138.    Zurich issued policy number GLO929772005 as well as other policies to Atrium Doors & Windows naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

139.    DRH tendered its defense to Zurich as an additional insured under all Atrium Doors and Windows' policies.

140.    Zurich ultimately agreed to participate in the defense of DRH, but has failed and refused to sufficiently fund its defense.

141.    Zurich issued policy number CPO3697430 as well as other policies to Gibson Construction naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

142.    DRH tendered its defense to Zurich as an additional insured under all Gibson Construction policies.

143.    However, Zurich has failed and refused to even acknowledge DRH's tender.

144.    Zurich issued policy numbers TCS6015602, TCS6015600 and TCS6015601 as well as other policies to Western Shower Door naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

145.    Zurich has acknowledged DRH's tenders, but has refused to author a formal coverage opinion or otherwise accept or reject DRH's pleas to Zurich for a defense.

146.    Zurich has intentionally taken unreasonable positions including requiring that its primary insured pay the SIR only so that Zurich can avoid having to participate in the defense of DRH, as well as other positions which are unreasonable, malicious and oppressive

147.    Zurich's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

## THE ILLINOIS UNION POLICIES

148.    Illinois Union issued policy numbers XSL620587180, CGOG1807235A and HDOG180725567 and other policies to Vegas General naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

1    149.   DRH has tendered its defense to Illinois Union on multiple occasions, but Illinois

2    Union has refused to either accept or deny DRH's tender.

3    150.   Illinois Union's handling of these claims was unreasonable, oppressive and

4    malicious, violated Nevada law governing fair claims practices and warrants an award of

5    punitive damages.

### THE WESTCHESTER POLICIES

7    151.   Westchester   issued   policy   numbers   GLW777287,   GLW82924   and

8    G2198209A001 and other policies to H&B Construction naming DRH as an additional insured

9    and agreeing to provide DRH commercial general liability insurance coverage.

10    152.   DRH has tendered its defense to Westchester, but Westchester has refused to

11    acknowledge DRH's tender or to either accept or deny DRH's tender.

12    153.   Westchester's handling of these claims was unreasonable, oppressive and

13    malicious, violated Nevada law governing fair claims practices and warrants an award of

14    punitive damages.

### THE AMERICAN SAFETY POLICIES

16    154.   American Safety issued policy numbers ESL0063400502 and ESL0063400401

17    and other policies to Iron Specialists, naming DRH as an additional insured and agreeing to

18    provide DRH commercial general liability insurance coverage.

19    155.   DRH tendered its defense to American Safety under all policies of insurance

20    issued to Iron Specialists.

21    156.   American Safety wrongfully and unreasonably denied DRH's tender or tenders

22    based upon inapplicable and ambiguous policy provisions and exclusions.

23    157.   American Safety's handling of these claims was unreasonable, oppressive and

24    malicious, violated Nevada law governing fair claims practices and warrants an award of

25    punitive damages.

26    ///

27    ///

28    ///

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### THE BURLINGTON POLICIES

158.   Burlington issued policy number HGL0002441 and other policies to Iron Specialists, naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

159.   DRH tendered its defense to Burlington under all policies of insurance issued to Iron Specialists.

160.   Burlington wrongfully and unreasonably denied DRH's tender or tenders based upon inapplicable and ambiguous policy provisions and exclusions.

161.   Burlington's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

### THE AMERICAN & FOREIGN POLICIES

162.   American & Foreign issued policy number ASP269860 and other policies to Reyburn Lawn and Landscape, naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

163.   DRH tendered its defense to American & Foreign under all policies of insurance issued to Reyburn Lawn and Landscape.

164.   American & Foreign failed and refused to either accept or deny DRH's tender or tenders.

165.   American & Foreign's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

### THE CINCINNATI POLICIES

166.   Cincinnati issued policy number 05CAP5495020 and other policies to Nesco Manufacturing, naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

167.   DRH tendered its defense to Cincinnati under all policies of insurance issued to Nesco Manufacturing.

Page 20 of 26

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

168.    Cincinnati wrongfully and unreasonably denied DRH's tender or tenders claiming that there was no resultant damage from Nesco Manufacturing's scope of work when there was resultant damage.

169.    Cincinnati's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

### THE SCOTTSDALE POLICIES

170.    Scottsdale issued policy number CLS0873372, CLS1039687 and CLS1119250 and other policies to Pools by Grube, naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

171.    DRH tendered its defense to Scottsdale under all policies of insurance issued to Pools by Grube.

172.    Scottsdale wrongfully and unreasonably denied DRH's tender or tenders based upon incorrect and unreasonable assumptions and ambiguous policy language.

173.    Scottsdale's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

### THE ACE POLICIES

174.    Ace issued policy number G21808672 and other policies to Maytag and/or Whirlpool, naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

175.    DRH tendered its defense to Ace on multiple occasions under all policies of insurance issued to Maytag and/or Whirlpool.

176.    Ace has failed to even acknowledge DRH's tenders and has ignored its obligations to DRH as its insured.

177.    Ace's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

///

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## THE FIRST MERCURY POLICIES

178.    First Mercury issued policy number FMTX001931, FMTX002713 and other policies to Deck Systems of Nevada, naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

179.    DRH tendered its defense to First Mercury on multiple occasions under all policies of insurance issued to Deck Systems of Nevada.

180.    First Mercury has denied DRH's tenders without a reasonable basis to do so by relying upon intentionally ambiguous policy provisions designed to look like they provide coverage when in fact they do not.

181.    First Mercury's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract—against all Defendants)

182.    DRH realleges and incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

183.    DRH entered into one or more insurance contracts with the carriers by virtue of the policies issued which name DRH as an additional insured.

184.    The carriers breached the policies when they denied DRH's tender or accepted DRH's tender but refused to fully participate in the defense of DRH.

185.    As a direct and proximate cause of the carriers' breaches, DRH has been damaged in an amount to be proven at trial.

186.    DRH has been required to obtain the services of Marquis & Aurbach to prosecute this claim, and is entitled to recover reasonable attorney fees and other costs incurred in this litigation as special damages, in addition to any other relief to which it may be entitled.

///

///

///

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

## SECOND CLAIM FOR RELIEF
### (Tortious Breach of Implied Covenant of Good Faith and Fair Dealing—against all Defendants)

187.   DRH realleges and incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

188.   A covenant of good faith and fair dealing is implied into every contract construed pursuant to Nevada law, including the policies mentioned hereinabove.

189.   The carriers breached the implied covenant of good faith and fair dealing in various ways, including but not limited to denying DRH's claims, not fully funding DRH's defense and as such, performed in a manner unfaithful to the terms of the policies.

190.   As a direct and proximate cause of the carriers' breaches, DRH has been damaged in an amount to be proven at trial.

191.   By its actions, the carriers are guilty of oppression, fraud and/or malice, expressed or implied.

192.   Accordingly, in addition to compensatory damages, DRH may recover punitive damages for the sake of example and by way of punishing the carriers.

193.   DRH has been required to obtain the services of Marquis & Aurbach to prosecute this claim, and is entitled to recover reasonable attorney fees and other costs incurred in this litigation as special damages, in addition to any other relief to which it may be entitled.

## THIRD CLAIM FOR RELIEF
### (Violations of NRS 686A.310--against all Defendants)

194.   DRH realleges and incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

195.   At all times relevant and material hereto, NRS 686A.310 was in full force and effect.

196.   The carriers violated NRS 686A.310 in various ways, including, but not limited to:

a.   Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

b.      Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies;

c.      Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured;

d.      Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear;

e.      Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered;

f.      Failing to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; and/or

g.      Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of his claim or for an offer to settle or compromise his claim.

h.      Unreasonably withdrawing defense and coverage of certain claims less than a week before trial of all claims was scheduled to commence.

i.      Compromising the insured's claims against third parties for which the insurers denied and withdraw defense and coverage.

197.    As a direct and proximate cause of the carriers' breaches, DRH has been damaged in an amount to be proven at trial.

198.    By their actions, the carriers are guilty of oppression, fraud and/or malice, express or implied.

199.    Accordingly, in addition to compensatory damages, DRH may recover punitive damages for the sake of example and by way of punishing the carriers.

///

///

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

200.   DRH has been required to obtain the services of Marquis & Aurbach to prosecute this claim, and is entitled to recover reasonable attorney fees and other costs incurred in this litigation as special damages, in addition to any other relief to which it may be entitled.

### FOURTH CLAIM FOR RELIEF
**(Declaratory Relief—against all Defendants)**

201.   DRH realleges and incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

202.   There exists between DRH and the carriers a justiciable controversy regarding the rights and obligations of the parties under the respective policies, specifically, but not limited to, whether the carriers should be defending DRH.

203.   DRH seeks a declaratory judgment to resolve this controversy.

204.   This action presents a justiciable controversy related to the obligations, rights, and limitations to the parties under the respective policies.

205.   DRH and the carriers have adverse interests in this matter.

206.   DRH asserts a legally protectable interest that is ripe for determination.

207.   DRH has been required to obtain the services of Marquis & Aurbach to prosecute this claim, and is entitled to recover reasonable attorney fees and other costs incurred in this litigation as special damages, in addition to any other relief to which it may be entitled.

///
///
///
///
///
///
///
///
///
///

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, DRH, prays for judgment as follows:

1.      For general damages in excess of $10,000 for each claim for relief;

2.      For special damages determined at the time of trial;

3.      For punitive damages;

4.      For a judicial declaration as to the rights, obligations, and liabilities of the parties to the respective policies of insurance;

5.      For an award of reasonable attorney fees and costs of suit incurred herein; and

6.      For such other and further relief as the Court may deem just and proper.

Dated this _10_ day of December, 2010.

MARQUIS & AURBACH

By _____
Jack C. Juan, Esq.
Nevada Bar No. 6367
Shane W. Clayton, Esq.
Nevada Bar No. 8783
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Plaintiff

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:01936-021 1199580_1.DOC 12/10/2010 3:50 PM

# Exhibit D

1  | **Marquis & Aurbach**
   | JACK C JUAN, ESQ.
2  | Nevada Bar No. 6367
   | SHANE W. CLAYTON, ESQ.
3  | Nevada Bar No. 8783
   | 10001 Park Run Drive
4  | Las Vegas, Nevada 89145
   | Telephone: (702) 382-0711
5  | Facsimile: (702) 382-5816
   | jjuan@marquisaurbach.com
6  | sclayton@marquisaurbach.com
   | Attorneys for Plaintiff
7  |

RECEIVED
DEC 20 2010
DIVISION OF INSURANCE
STATE OF NEVADA

8 | **DISTRICT COURT**

9 | **CLARK COUNTY, NEVADA**

10 | D.R. HORTON, INC., a Delaware corporation,

11 | Plaintiff,

12 | vs.

Case No.:
Dept. No.:

13 | LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign corporation; NATIONAL
14 | FIRE & MARINE INSURANCE COMPANY, a foreign corporation; WAUSAU BUSINESS
15 | INSURANCE, a foreign corporation; TRAVELERS INDEMNITY COMPANY, a
16 | foreign corporation; ARCH EXCESS AND SURPLUS INSURANCE COMPANY, a foreign
17 | corporation; AMERICAN HOME ASSURANCE COMPANY, a foreign corporation;
18 | COMMERCE AND INDUSTRY INSURANCE COMPANY, a foreign corporation; ZURICH
19 | AMERICAN INSURANCE COMPANY; ILLINOIS UNION INSURANCE COMPANY, a
20 | foreign corporation; OLD REPUBLIC INSURANCE COMPANY, a foreign
21 | corporation; FIRST SPECIALTY INSURANCE COMPANY, a foreign corporation;
22 | LEXINGTON INSURANCE COMPANY, a foreign corporation; WESTCHESTER
23 | SURPLUS LINES INSURANCE COMPANY, a foreign corporation; AMERICAN SAFETY
24 | INDEMNITY COMPANY, a foreign corporation; BURLINGTON INSURANCE
25 | COMPANY, a foreign corporation; AMERICAN & FOREIGN INSURANCE COMPANY, a
26 | foreign corporation; CINCINNATI INSURANCE COMPANY, a foreign
27 | corporation; ARCH SPECIALTY INSURANCE COMPANY, a foreign corporation; ST. PAUL
28 | FIRE & MARINE INSURANCE COMPANY, a

**INITIAL APPEARANCE FEE DISCLOSURE**

**ARBITRATION EXEMPTION REQUESTED: DECLARATORY RELIEF SOUGHT**

Page 1 of 2

M&A:01936-021 1215451_1.DOC 12/10/2010 4:01 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

foreign corporation; SCOTTSDALE
~~INSURANCE, a foreign corporation; ACE~~
AMERICAN INSURANCE COMPANY, a
foreign corporation; FIRST MERCURY
INSURANCE COMPANY, a foreign
corporation; DOES I – X; ROE
CORPORATIONS I – X,

                    Defendants.

## INITIAL APPEARANCE FEE DISCLOSURE

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

parties appearing in the above-entitled action as indicated below:

D.R. Horton, Inc., Plaintiff................................................................. ☒ $270.00

**TOTAL REMITTED**................................................................. **$270.00**

Dated this _10_ day of December, 2010.

                              MARQUIS & AURBACH

                              By _____
                                 Jack C. Juan, Esq.
                                 Nevada Bar No. 6367
                                 Shane W. Clayton, Esq.
                                 Nevada Bar No. 8783
                                 10001 Park Run Drive
                                 Las Vegas, Nevada 89145
                                 Attorneys for Plaintiff

Page 2 of 2

M&A:01936-021 1215451_1.DOC 12/10/2010 4:01 PM